# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CATRINA BLACKMORE**                                                              **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 5:16-cv-74-KS-MTP**

**CLAIBORNE COUNTY FAMILY**
**HEALTH CENTER, INC.**                                                                **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the parties' Joint Motion to Continue Trial and Extend Deadlines [11]. The discovery deadline ran on June 1, 2017, and the motions deadline is June 15, 2017. *See* Case Management Order [5]. In their Motion, the parties seek an order extending these deadlines by ninety days and continuing the trial of this matter.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [16]; Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

On this date, the Court conducted a status conference with the parties to discuss their scheduling issues and the case deadlines. Having considered the record and the parties' arguments, the Court finds that the parties have not established good cause to modify the case deadlines as requested.

The record reflects little activity during the more than six months afforded to the parties for discovery. The Case Management Order [5] was entered on November 16, 2016, and a month later, Defendant served its first set of interrogatories and first set of requests for production. *See* Notices [8] [9].[1] The record reflects no other activity until April 28, 2017, when Defendant noticed Plaintiff's deposition,[2] and no activity thereafter. The record does not warrant a ninety-day extension of the case deadlines or a continuance of the trial.

However, the Court will grant the parties a modest extension of the case deadlines to allow them to complete certain depositions. According to the parties, the depositions of Plaintiff and Defendant's chief executive officer were scheduled for May 9 &10, 2017, but had to be cancelled. The Court finds good cause to briefly extend the discovery and motions deadlines to allow the parties to complete these two depositions.

IT IS, THEREFORE, ORDERED that:

1. The Joint Motion to Continue Trial and Extend Deadlines [11] is GRANTED in part and DENIED in part.

2. The discovery deadline is extended to June 23, 2017, for the limited purpose of allowing Plaintiff to depose Defendant's chief executive officer and allowing Defendant to depose Plaintiff. The discovery deadline is not extended for any other purpose.

3. The deadline for motions (other than motion *in limine* or discovery motions) is extended to July 7, 2017.

---

[1] Though not reflected on the docket, the parties informed the Court that Plaintiff responded to Defendant's discovery requests on March 9, 2017.

[2] The parties exchanged pre-discovery disclosures on date. *See* Notices [6] [7].

2

4. All other provisions and deadlines contained in the Case Management Order [5] remain in place.

SO ORDERED this the 5th day of June, 2017.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE